# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANLOUISE HALLAL,<br><br>    Plaintiff,<br><br>v.<br><br>SEROKA, FRANK BRIONES, TAM LE, CURTIS BOUCHE, DEWALL, and STEVEN MOORE,<br><br>    Defendants. | Case No. 1:18-cv-0388-DAD-BAM<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT<br><br>(ECF No. 1)<br><br>**THIRTY (30) DAY DEADLINE** |

## SCREENING ORDER

Plaintiff JeanLouise Hallal ("Plaintiff")[1] is proceeding pro se and in forma pauperis in this civil action filed on March 22, 2018. (ECF No. 1.) Plaintiff's Complaint is currently before the Court for screening.

**I. Screening Requirement and Standard**

The Court is required to screen complaints brought by persons proceeding in pro per. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is

---

[1] Brentlan Brigner is listed along with JeanLouise as a Plaintiff in this action. However, Mr. Bringer did not sign the complaint and Plaintiff JeanLouise Hallal, as a pro se litigant, cannot represent others. *See* Fed. R. Civ. P 11 ("Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented."); *Simon v. Hartford Life, Inc*., 546 F.3d 661, 664-65 (9th Cir. 2008) (Plaintiff proceeding pro se cannot represent others). Accordingly, this complaint proceeds with JeanLouise Hallal as the sole plaintiff.

1

frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121-1123 (9th Cir. 2012), *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), but to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949; *Moss*, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff brings this suit against the following parties: 1) Seroka, California Highway Patrol ("CHP") Officer Badge #19263, 2) Frank Briones, Department of Motor Vehicles ("DMV") employee, 3) Tam Le, Branch Chief of DMV, 4) Curtis Bouche, Lieutenant at Fresno City Police Department, 5) DeWall, Sergeant at Fresno City Police Department, and 6) Steven Moore.

Plaintiff alleges that on September 29, 2017, she purchased an automobile from Defendant Moore. During the transaction, Plaintiff alleges that Defendant Moore agreed to provide her a clean title; free of any previous parking tickets. On November 1, 2017, Plaintiff also paid $64.00 to register her vehicle for exempt license plates with the Department of Motor Vehicles. Plaintiff

2

states that by paying the exemption fee, she understood that any remaining parking tickets associated with the vehicle would be cancelled.

On February 26, 2018, Plaintiff received "a suspicious letter" from Defendant Frank Briones concerning unpaid parking tickets of the previous owner, Defendant Moore. The letter attached to Plaintiff's complaint states that her application for exempt license plates was denied because exempt license plates are only issued to vehicles owned or operated by the state, and her "organization does not qualify for exempt license plates." (Doc. 1 at 13).

Plaintiff alleges that she received another "suspicious letter" from the DMV on March 14, 2018. She claims the letter was undated, placed in a reused envelope, and requested bail fees. According to Plaintiff, the DMV's failure to honor her exempt status constitutes a breach of contract.

As relief, Plaintiff requests $299,000,000 in breach of contract and trespass damages for threats, illegal stops, and "falsification of the state database." (Doc. 1 at 8). Plaintiff further requests that her information be removed from the state database because she has "permanent CA exemption, and [she] is not bound by any laws or codes of the DMV." (Doc. 1 at 8).

### III. Discussion

#### A. Claims Failing to Satisfy Federal Rule of Civil Procedure 8

Rule 8 of the Federal Rules of Civil Procedure mandates that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that each allegation "be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1) (emphasis added). A complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed for failure to satisfy Rule 8. *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (*quoting Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)); *see also McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but written . . . prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."); *Nevijel v. N. Coast Life Ins.* Co., 651

F.2d 671, 673-74 (9th Cir. 1981) (affirming a dismissal with prejudice for failure to comply with Rules 8(a) and 8(e), finding that both the original complaint and an amended complaint were "verbose, confusing and conclusory").

Plaintiff's Complaint does not comply with the standards of Rule 8. It is confusing, convoluted, and fails to set forth the facts in a comprehensible manner. The Complaint fails to clearly articulate the facts giving rise to any claim nor does it specifically identify a constitutional harm inflicted by the Defendant. In Plaintiff's amended complaint, she must clearly allege facts that outline her claims. As noted above, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. at 1949 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555. Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. at 1949.

**B.     Rule 10(b)**

Rule 10(b) of the Federal Rules of Civil Procedure also requires a plaintiff to state claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Moreover, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Fed. R. Civ. P. 10(b). It is not the responsibility of the Court to review a narrative in an attempt to determine the nature of a Plaintiff's claims. Thus, Plaintiff's complaint style and formatting fails to comply with Rule 10(b).

**C.     Linkage Requirement**

Assuming for the moment that Plaintiff is attempting to allege claims under §1983, most of Plaintiff's allegations fail to assert the requisite causal link between the challenged conduct, a

specific defendant, and a clearly identified constitutional violation. Under § 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Ashcroft*, 556 U.S. at 676–7; *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff may not attribute liability to a group of defendants, but must "set forth specific facts as to each individual defendant's" deprivation of his rights. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Here, Plaintiff fails to link each of the defendants to the deprivation of her rights. Plaintiff claims that Defendant Moore failed to pay his parking tickets on the car before she bought it and Defendant Briones threatened to confiscate her automobile. However, Plaintiff fails to specify the conduct of the other defendants aside from the generalized activity she attributes to them. Plaintiff asserts that she is entitled to trespass damages from the other defendants due to the threats of bodily harm, falsification, and illegal stops, yet she fails to specify the conduct underlying her allegations.

Plaintiff must instead link each individually named defendant to an alleged deprivation of her rights and state what he did or did not do. If Plaintiff chooses to amend, she should link each of the defendants' actions to a constitutional violation to satisfy the linkage requirement.

### D. Contesting Parking Tickets in California

California law considers parking violations as civil offenses subject to civil penalties and administrative enforcement. California Vehicle Code §§ 40200, 40203.5(b). The statutory scheme sets forth a two-step process for contesting a parking ticket. First, within 21 days of the issuance of the ticket the person may request review by the processing agency. California Vehicle Code § 40215(a). The processing agency must then conduct an investigation, either with its own staff or by the issuing agency. California Vehicle Code §§ 40215(a)(1).) If the person is not satisfied with the results of this initial review, he or she may then request "administrative review," consisting of a hearing before an examiner. California Vehicle Code § 40215(a). The request for administrative review must be made within 21 days following the mailing of the results of the initial review. California Vehicle Code § 40215(b). The person requesting an administrative hearing shall deposit

the full amount of the parking penalty or shall follow the processing agency's procedure for providing satisfactory proof of an inability to pay the amount due. California Vehicle Code § 40215(b). After exhausting this administrative review process, the contestant may obtain judicial review of the decision of the hearing examiner by filing an appeal in the superior court. California Vehicle Code § 40230.

If the parking violator does not contest the parking ticket and does not pay the parking penalty, the processing agency may notify the Department of Motor Vehicles (DMV), and the DMV must then collect the unpaid penalties when the vehicle's registration is renewed. California Vehicle Code § 4760; 40220(a). In the alternative, if the violator has accumulated more than $400 in unpaid parking tickets, or if the vehicle's registration is not renewed, then proof of the unpaid parking tickets may be filed with the court with the same effect as a civil judgment. California Vehicle Code § 40220(b) & (c).

Here, Plaintiff claims that Defendant Moore failed to pay his parking tickets before selling the vehicle. If Plaintiff wishes to contest these unpaid tickets, Plaintiff can challenge them through the process described above and not in federal court.

### E. Eleventh Amendment

"The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state." *Brooks v. Sulphur Springs Valley Elec. Co.,* 951 F.2d 1050, 1053 (9th Cir.1991); *see also Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54, 116 S.Ct. 1114 (1996); *Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 144, 113 S.Ct. 684 (1993); *Tennessee v. Lane*, 541 U.S. 509, 517 (2004). The Eleventh Amendment also bars suits against a state's agencies. *See Puerto Rico Aqueduct*, 506 U.S. at 144; *Brooks*, 951 F.2d at 1053; *Mitchell v. Los Angeles Community College Dist.*, 861 F.2d 198, 201 (9th Cir. 1989); *Beentjes v. Placer Cnty. Air Pollution Control Dist.*, 397 F.3d 775, 777 (9th Cir. 2005). Here, to the extent that Plaintiff seeks to sue the DMV or its employees in their official capacities, her suit is prohibited by the Eleventh Amendment which bars federal lawsuits brought against state agencies and their employees sued in their official capacities.

**F.     Fourth Amendment**

The Fourth Amendment, which applies to the states through the Fourteenth Amendment, protects against unreasonable searches and seizures by law enforcement officers. *Mapp v. Ohio*, 367 U.S. 643, 655, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). Temporary detention of individuals during the stop of an automobile by the police, even if only for a brief period and for a limited purpose, constitutes a "seizure" within the meaning of this provision. *See Delaware v. Prouse*, 440 U.S. 648, 653, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979). As a general matter, the decision to stop an automobile is reasonable where the police have probable cause or reasonable suspicion to believe that a traffic violation has occurred. *See Pennsylvania v. Mimms*, 434 U.S. 106, 109, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977) (per curiam); *Haynie v. County of Los Angeles*, 339 F.3d 1071, 1075 (9th Cir. 2003).

Here, Plaintiff fails to assert a violation of her Fourth Amendment rights. Plaintiff claims she was subjected to illegal stops, but she fails to provide details surrounding those stops. As stated above, Plaintiff has failed to link any defendant to any stop. If Plaintiff wishes to amend her complaint, she must assert that her Fourth Amendment rights have been violated and include facts surrounding those illegal stops that demonstrate that the officers did not have probable cause or reasonable suspicion to seize her.

**G.     Bane Act (California Civil Code § 52.1)**

California law prohibits any person or persons from interfering, or attempting to interfere with, another person's constitutional rights by threats, intimidation, or coercion. Cal. Civil Code § 52.1; *see also Venegas v. Cnty. of Los Angeles*, 32 Cal. 4th 820, 843 (2004) (the provisions of § 52.1 do not extend to "ordinary tort actions" but "are limited to threats, intimidation or coercion that interfere with a constitutional or statutory right"). Plaintiff alleges that Defendants Seroka, Briones, Le, Bouche, and DeWall interfered with or attempted to interfere with Plaintiff's constitutional rights by threatening or committing violent acts against her. Plaintiff asserts that Defendants Briones and Le threatened to take her car away because the exemption plates had been revoked. Furthermore, Plaintiff claims that the Defendant officers threatened her as well. However,

Plaintiff fails to provide any facts or details pertaining to the threats from the other defendants, aside from the assertion that they made threats against her. Because the complaint alleges no facts supporting a conclusion that these Defendants threatened violence or committed violence against Plaintiff in violation of constitutional rights, this claim is not cognizable.

### H. Subject Matter Jurisdiction

In order to state a claim in a United States District Court, Plaintiff must establish federal jurisdiction. Federal courts are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction. Federal courts can adjudicate only those cases in which the United States Constitution and Congress authorize them to adjudicate. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 114 S.Ct. 1673, 1677, 128 L. Ed. 2d 391 (1994). Generally, these cases involve diversity of citizenship (in which the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states), or a federal question, or to which the United States is a party. 28 U.S.C. §§ 1331 and 1332; *See also* Finley v. United States, 490 U.S. 545, 109 S.Ct. 2003, 2008, 104 L. Ed. 2d 593 (1989).

Federal courts are presumptively without jurisdiction over civil actions, and the burden to establish the contrary rests upon the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377; 114 S.Ct. at 1677. Lack of subject matter jurisdiction is never waived and may be raised by the court sua sponte. *Attorneys Trust v. Videotape Computer Products, Inc*., 93 F.3d 593, 594-595 (9th Cir. 1996). "Nothing is to be more jealously guarded by a court than its jurisdiction. Jurisdiction is what its power rests upon. Without jurisdiction it is nothing." *In re Mooney*, 841 F.2d 1003, 1006 (9th Cir.1988).

Here, as explained above, Plaintiff has failed to demonstrate the existence of a link or casual connection between any defendant and a violation of Plaintiff's federal rights. *See Lemire v. California Dep't of Corr. and Rehab*., 726 F.3d 1062, 1074-75 (9th Cir. 2013). Plaintiff's complaint therefore fails to establish that federal jurisdiction exists as the United States is not a party in this action and no federal question has been properly presented. Similarly, the complaint

does not allege that the parties are citizens of different states which deprives Plaintiff's complaint of diversity jurisdiction.

If Plaintiff chooses to amend her complaint she must demonstrate that this Court has jurisdiction over her claims.

**I.     State Law Claims**

Section 1983 does not provide a cause of action for violations of state law. *See Weilburg v. Shapiro*, 488 F.3d 1202, 1207 (9th Cir. 2007); *Galen v. County of Los Angeles*, 477 F.3d 652, 662 (9th Cir.2007); *Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir.2001); *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1391 (9th Cir.1997); *Lovell v. Poway Unified School Dist.*, 90 F.3d 367, 370 (9th Cir.1996); *Draper v. Coombs*, 792 F.2d 915, 921 (9th Cir.1986); *Ybarra v. Bastian*, 647 F.2d 891, 892 (9th Cir.), cert. denied, 454 U.S. 857, 102 S.Ct. 309, 70 L.Ed.2d 153 (1981). Pursuant to 28 U.S.C. § 1367(a), however, in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c).

"[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir.1997). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial ... the state claims should be dismissed as well." *United Mine Workers of Amer.,* 383 U.S. at 726. Accordingly, unless the complaint states a cognizable federal cause of action, this Court should not exercise jurisdiction over Plaintiff's state claims.

Plaintiff's complaint attempts to raise state law breach of contract claims. Plaintiff alleges that she entered into an agreement with the DMV and Defendant Moore that would preclude her from liability for any unpaid parking tickets.  Plaintiff also paid $64.00 to receive state of California exempt license plates.  In Plaintiff's view, the failure of the DMV and Defendant Moore

to fulfill their promises amounts to breach of contract.

However, state law tort, negligence, or breach of contract claims do not confer federal subject matter jurisdiction. *See Galen v. County of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007) ("Section 1983 requires [plaintiff] to demonstrate a violation of federal law, not state law."). The Court may exercise supplemental jurisdiction over state law claims in any civil action in which it has original jurisdiction, if the state law claims form part of the same case or controversy. 28 U.S.C. § 1367(a). "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In the absence of a cognizable federal claim, this court should not exercise supplemental jurisdiction over plaintiff's putative state law claims. *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) (district court has discretion to decline to exercise supplemental jurisdiction over state law claims upon dismissal of all claims over which it has original jurisdiction).

Here, because Plaintiff has not yet alleged a cognizable federal claim, the Court will not exercise supplemental jurisdiction over Plaintiff's state law claims.

### IV.  Conclusion & Order

Plaintiff's complaint fails to state a claim upon which relief may be granted. However, the Court will provide Plaintiff with the opportunity to file an amended complaint to cure the identified deficiencies. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, but it must state what the named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc). Therefore, Plaintiff's first

amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order (or file a notice of voluntary dismissal); and

2. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated: **July 19, 2018**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE